CHOCTAW CULVERT & MACHINERY CO. *v.* HENDERSON COUN-
TY *et al.*

*(Nashville,* December Term, 1935.)

Opinion filed January 25, 1936.

Essary & Denison, of Lexington, for appellant.

Elmer Stewart, of Lexington, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

On August 1, 1921, the Henderson county highway commission entered into a written contract with complainant, Choctaw Culvert & Machinery Company, then known as the Choctaw Road Supply Company, for the purchase of certain road equipment and other road supplies at a price of $3,645, to be paid one-third on January 15, 1922, one-third January 15, 1923, and one-third January 15, 1924, "with warrants at 6% interest from date of sale." The machinery was duly delivered and used by the highway commission in the prosecution of its work. The highway commission issued and delivered to the Choctaw Road Supply Company its three warrants, numbered 5218, 5219, and 5220, dated October 3, 1921, each in the sum of $1,215, and due, respectively, January 1, 1922, January 1 1923 and January 1, 1924; the date of maturity of the respective installments having been changed from January 15, as provided in the contract.

The first two of said warrants were renewed and eventually paid. Warrant 5220 was renewed by warrant 6632, dated February 20, 1924, for $1,433.70, representing the principal amount of $1,215, with interest, and maturing October 3, 1924. The purpose of the bill herein is to collect from Henderson county the amount due on this warrant. The chancellor denied complainant a recovery on the warrant and dismissed the bill. The Court of Appeals reversed the decree of the chancellor. Defend-

ant Henderson County has filed its petition for *certiorari* and assigned errors.

It is insisted by petitioner that a county warrant, or a warrant issued by an agency of a county, cannot be made the basis of a suit.

The highway commission of Henderson county was created by chapter 489, Private Acts 1919, as amended by chapter 800, Private Acts 1921. Said acts create a public road system for Henderson county, provide for a highway commission, and define their duties and powers. Under the provisions of the acts, the commission is made the purchasing agent for the county, buying all supplies, machinery and equipment necessary for use in connection with road or bridge work. The road funds are disbursed upon warrants issued and signed by the secretary of the commission and countersigned by the chairman. The commission is specifically given power and authority, under section 14 of the Acts of 1919, to buy machinery on the installment plan of payment extending over a term of years and to "issue their interest-bearing warrants in payment for the same.".

As to county warrants generally, this court has not decided whether they may be sued on or not. In *Bradley County* v. *Surgoine & Tibbs,* 68 Tenn. (9 Baxt.), 407, it seemed to have been assumed that the county warrant there involved could be made the basis of suit. In *Camp* v. *Knox County,* 71 Tenn. (3 Lea), 199, 202, the question involved was whether a county warrant bears interest after demand for payment, and no question was made in the case as to the right of action on the warrant. However, the court said: "Whether it can be sued upon at all, or is only *prima facie* evidence of the amount of the

claim in a suit upon the original demand, is left in doubt by the authorities." In *Garner* v. *State*, 73 Tenn. (5 Lea), 213, 216, a case involving the forgery of a county warrant, the court said: "If made payable to bearer, or, as in the warrant before us, to a particular person or order, it is so far assignable as to authorize the holder to sue the trustee, on whom it is drawn, or to take judgment against him and his official sureties for the amount, if he fails to pay it out of moneys in his hands in the order of presentation."

In *Bank of Gallatin* v. *Baber*, 74 Tenn. (6 Lea), 273, 275, 276, the suit was upon certain orders on the county trustee in favor of teachers for services performed. The question made was whether these orders were barred by the statute of limitations, but, in discussing the orders, the court said: "Whether the county can be sued upon these orders or not, it is certain that it may be sued on the original consideration for which they are given: 1 Dan. Neg. Inst., sec. 431. The statute gives the holder a remedy against the trustee and his sureties for the payment of the warrant, if he chooses to follow the requirements of the law and assert his rights. If he prefers to look alone to the county, and brings suit either upon the original consideration or the warrant, the statute of limitations may be relied on in bar of the action, subject to avoidance by a new promise as in other cases."

In *Gibson County* v. *Rains*, 79 Tenn. (11 Lea), 20, the question of whether county warrants are instruments of such a character that suit may be predicated upon them was not determined, because no such objection was raised in the court below.

In 15 Corpus Juris, 607, it is stated:

"The weight of authority is to the effect that, on the nonpayment of county warrants or orders on demand, a judgment may be obtained against the county in an ordinary action in the nature of *assumpsit*, debt, or covenant, without going back to the original consideration."

In a note to the above text it is said:

"In Tennessee the question as to whether county warrants are instruments of such character that suits can be maintained thereon seems not to be definitely settled."

We perceive no reason why suit may not be brought upon a county warrant of the nature and character of the warrant here in question. Complainant, in its bill, does not seek execution against the county on the judgment sought. On the contrary, the prayer of the bill is that the trustee of Henderson county be required or compelled by the court to make payment of said indebtedness with any highway funds which he may have for payment of like indebtedness; and, if he does not have sufficient funds to pay said indebtedness, that the county, through the quarterly county court, be required to make proper arrangements for the payment of the indebtedness.

Other questions made by petitioner have been given consideration and found to be without merit.

The result is that the petition for *certiorari* must be denied.